**Heriberto CHAMAN–HURTADO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–71097.
Agency No. A92–682–659.**

United States Court of Appeals, Ninth Circuit.

---

162

Submitted March 15, 2004.*

Decided March 24, 2004.

Heriberto Chaman–Hurtado, Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Norah Ascoli Schwarz, Esq., Christopher C. Fuller, Alison Marie Igoe, John S. Hogan, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY, and WARDLAW, Circuit Judges.

## MEMORANDUM**

■ Heriberto Chaman–Hurtado, a native and citizen of Mexico, petitions pro se for review of two separate administrative decisions. In the first, Chaman–Hurtado appeals the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's denial of his application for cancellation of removal. We lack jurisdiction to review Chaman–Hurtado's contention that the BIA incorrectly applied its streamlining regulations to his case. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 854 (9th Cir.2003). To the extent Chaman–Hurtado raises a constitutional challenge to the BIA's streamlining regulations, which we have jurisdiction to review under 8 U.S.C. § 1252, this argument is foreclosed by *Falcon Carriche,* 350 F.3d at 851. Accordingly, we dismiss in part, and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

deny in part this portion of the petition for review.

Chaman–Hurtado also petitions pro se for review of a decision by the former Immigration and Naturalization Service ("INS"), Legalization Appeals Unit ("LAU"), dismissing his appeal from the INS's denial of his application for temporary residence status under the Special Agricultural Workers ("SAW") program. Pursuant to 8 U.S.C. § 1160(e)(3)(A), we have jurisdiction to review Chaman–Hurtado's application for temporary residence in conjunction with our review of his final order of removal.

We review Chaman–Hurtado's appeal from the LAU's decision for abuse of discretion and our review is "based solely upon the administrative record established at the time of the review by the appellate authority." *See* 8 U.S.C. § 1160(e)(3)(B).

▆ The INS did not fulfill its burden to disprove Chaman–Hurtado's evidence, which was sufficient to show ninety-nine man-days of employment for Manzano at Superior Farming Company ("SFC") "as a matter of just and reasonable inference," *see* 8 U.S.C. 1160(b)(3)(B), when it failed to contact Manzano to clarify the discrepancy related to the remaining sixteen man-days Manzano claimed Chaman–Hurtado worked for him at SFC. For the foregoing reason, and because the INS and LAU incorrectly characterized SFC as Chaman–Hurtado's employer, disregarding Chaman–Hurtado's repeated assertions that Manzano was his employer, we hold that the LAU abused its discretion in denying Chaman–Hurtado's claim for SAW relief.

We do not address Chaman–Hurtado's due process argument because we have already concluded that the LAU abused its

discretion under the SAW statute. Accordingly, we reverse the LAU's decision and grant Chaman–Hurtado's application for temporary residence status under the SAW program.

PETITION FOR REVIEW of the BIA decision DISMISSED in part, and DENIED in part. PETITION FOR REVIEW of the LAU decision GRANTED; SAW APPLICATION GRANTED.